Appeal No. 13-1310

# United States Court of Appeals
*for the*
# Tenth Circuit

———•———

JAMES P. TENILLE, ROBERT SMET, ADELAIDA DELEON, and
YAMILET RODRIGUEZ,
Individually and on behalf of all others similarly situated,

*Plaintiffs-Appellees*,

- v. -

THE WESTERN UNION COMPANY and WESTERN UNION
FINANCIAL SERVICES, INC.,

*Defendants-Appellees*.

*On Appeal from the United States District Court for the
District of Colorado in Case Nos. 1:09-CV-00938,
1:10-CV-00765 (Hon. John L. Kane)*

### APPELLANT-OBJECTOR SIKORA NELSON'S *EMERGENCY MOTION* FOR CONTINUANCE

John E. Anding (P30356)
Theodore J. Westbrook (P70834)
DREW, COOPER & ANDING, P.C.
Attorneys for Objector-Appellant
Aldrich Place, Suite 200
80 Ottawa Avenue NW
Grand Rapids, MI 49503
(616) 454-8300

Pursuant to Federal Rule of Appellate Procedure 27 and 10th Circuit Rules 27 and 8.2(a), Appellant-Objector Sikora Nelson respectfully submits this Emergency Motion for Continuance and requests that this Court grant a continuance of the present appeal, No. 13-1310 (the "Fairness Appeal"), in light of the District Court's September 10, 2013 Order Granting Class Plaintiffs' Motion for Appeal Bond (the "Bond Appeal") and Appellant's pending appeal of that Order.

## INTRODUCTION

Yesterday, September 10, 2013, the District Court entered an order requiring Appellant, a low-income individual with no significant savings, to post an "appeal bond" of over $1 million in order to maintain her appeal in the present case. (Ex. 1, "Bond Order.") As Appellant demonstrated to the District Court, she lacks the ability to post such a bond. Further, as Appellant also demonstrated below, the District Court included over $980,000 in costs that are not awardable by law in its calculation of the bond amount. Appellant has filed a Notice of Appeal regarding the District Court's Bond Order, but is faced with a "catch-22" with respect to the Fairness Appeal currently before this Court (No. 13-1310): either withdraw the appeal and forfeit her statutory and constitutional rights, or face contempt of court for violating the District Court's order. Now the District Court is considering another Appellant-Objector's motion to reconsider the Bond Order. (Ex. 2, Order

re Doc. 273, Ltr. from Mr. Dorsey.) In short, the District Court's final decision on the Bond Order, and (if necessary) this Court's decision in the Bond Appeal, will determine whether the Fairness Appeal can proceed. Appellant therefore requests that this Court order that the Fairness Appeal (No. 13-1310) be continued for sixty (60) days to allow for the final resolution of the Bond Order prior to submission of briefing on the Fairness Appeal, and to the extent necessary, for the concurrent briefing of the Bond Appeal and the Fairness Appeal.

## FACTS AND PROCEDURAL HISTORY

The case below is a putative class action filed by consumers of money transfer services provided by Defendants The Western Union Company and Western Union Financial Services, Inc. (together "Western Union"). The principal allegations are that, when money transfers were not received by their intended recipients, Western Union unlawfully: (1) retained the funds; (2) earned interest on the funds; (3) failed to timely notify the senders that the funds had not been received; and (4) failed to return the funds to the senders. Appellant is a member of the putative class of aggrieved consumers.

Appellant filed substantive objections to a class settlement proposed by Plaintiffs and Western Union and presented argument as to the unfairness of the proposed settlement at the "final fairness hearing" conducted by the District Court. (Dkt. 212, Objection; Dkt. 213, Br. in Support; Dkt. 257, Fairness Hrg. Trans. June

24, 2013, 19:19-26:20.)  The District Court summarily "overruled" Appellant's objections at the hearing (Dkt. 257, 26:22-28:12) without addressing them in substance, and did not thereafter issue any order or opinion setting forth the District Court's reasons for rejecting them.  Instead, on June 25, 2013, the District Court adopted the Final Judgment and Order of Dismissal that had been proposed by the parties, which approved the proposed settlement, in its entirety.  (Dkt. 253, Final Judgment & Order of Dismissal.)[1]  No opinion setting forth the District Court's reasons for approving the settlement or rejecting the objections ever issued.

On July 22, 2013, Appellant filed a Notice of Appeal regarding the Final Judgment and Order of Dismissal approving the settlement proposed by the parties. This Court assigned the Fairness Appeal Case Number 13-1310.  Under the current scheduling order, Appellant's principal brief in the Fairness Appeal is due on Monday, September 16, 2013.

On August 12, 2013, Plaintiffs filed a Motion for Appeal Bond (Ex. 3) asking the District Court to require Objectors (Appellant and one other Objector filing an appeal, Case No. 13-1317) to post a "cost bond" in the amount of $1,007,294.  That amount consists of: (1) $647,674 purportedly to be incurred in

---

[1] The District Court entered a substantially identical Amended Final Judgment and Order of Dismissal (Dkt. 256) the following day, June 26, 2013.

sending a "supplemental notice" that Plaintiffs contend "should be sent to the class informing the class of the pendency of the appeal;" (2) an estimated $334,620 in "settlement administration" costs resulting from the delay of appeal; and (3) $25,000 in printing and copying costs.[2]

Appellant filed a response to Plaintiffs' Motion which argued that the notice and administrative expenses claimed by Plaintiffs cannot be included in an appeal bond as a matter of law. (Ex. 4.) Appellant also argued and provided evidence that imposition of a substantial cost bond would violate Appellant's due process rights due to the financial hardship it would cause Appellant. (*Id.*)

On September 10, 2013, six days prior to the due date for Appellant's principal brief, the District Court granted Plaintiffs' Motion in full and ordered that Objectors post the requested bond in the amount of $1,007,294. The District Court's Order Granting Class Plaintiffs' Motion for Appeal Bond ("Bond Order") cited no rules, statutes or case law in support of its imposition of this bond. (*See* Ex. 1.)

Appellant filed a Notice of Appeal regarding the Bond Order on September 10, 2013. At 4:52 PM Eastern time that day, the District Court entered another Order in which it treated a letter received from Appellant-Objector Paul Dorsey as

---

[2] Plaintiffs' Motion for Appeal Bond is not framed as a motion for *supersedeas* bond. By its own terms, the proposed settlement does not take effect until the conclusions of any appeals; thus, no *supersedeas* bond can be required.

a "motion for reconsideration" of the Bond Order and ordered Plaintiffs to respond by September 17, 2013. (Ex. 2.) Mr. Dorsey's "motion" will thus not be resolved, and the status of the Bond Order will not be known, until after Appellants' principal briefs are currently scheduled to be filed.

## ARGUMENT

The District Court's Bond Order leaves Appellant in an impossible position with respect to the Fairness Appeal. Appellant cannot post a $1 million bond and believes she cannot lawfully be required to post such a bond. (*See* Ex. 4, Resp. to Mot. for Bond and Aff. of S. Nelson attached thereto.) If the Bond Order stands, the practical effect will be to force Appellant to withdraw her appeal or appeal the Bond Order to this Court.[3] Given this reality, and for the reasons set forth herein, a continuance of the Fairness Appeal is appropriate and Appellant requests an extension of sixty (60) days.

---

[3] As long as the Bond Order stands, Appellant's failure to either post the $1 million bond or withdraw the Fairness Appeal exposes her to both contempt of court in the District Court and dismissal of the Fairness Appeal in this Court. *See*, *e.g.*, *In re Cardizem CD Antitrust Litig.*, 391 F.3d 812, 815-16 (6th Cir. 2004) (failure to execute bond is grounds for dismissal of the appeal) (citing *Powers v. Citizens Union Nat'l Bank & Trust Co.*, 329 F.2d 507 (6th Cir. 1964)); *Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 961 (9th Cir. 2007) (appeal may be dismissed for failure to pay appeal bond) (citing *Hagan v. Whitman*, 356 F.2d 742, 745 (9th Cir. 1966)).

A. **IF THE DISTRICT COURT UPHOLDS ITS BOND ORDER, THIS COURT IS LIKELY TO REVERSE THE BOND ORDER ON *DE NOVO* REVIEW.**

   1. **The Costs Included in the Bond Order Are Not Recoverable as a Matter of Law.**

The Bond Order is subject to *de novo* review by this Court because it involves a question of the type and extent of costs allowable under Federal Rule of Appellate Procedure 7. *Adsani v. Miller*, 139 F.3d 67, 70 (2d Cir. 1998) (citing S. Childress & M. Davis, Fed. Standards of Review § 2.13 at 2-92 (2d ed. 1986)); *Pedraza v. United Guaranty Corp.*, 313 F.3d 1323, 1328 (11th Cir. 2002). As Appellant demonstrated in detail to the District Court, the $980,000 in "administrative" and "notice" expenses Plaintiffs sought to have included in an appeal bond are not awardable as a matter of law, and thus cannot be included in a Rule 7 bond. (*See* Ex. 4 at 2-7 and cases cited therein.) Yet the District Court included these costs in full, without modification, in the Bond Order. (Ex. 1.) If the District Court does not vacate its Bond Order, on appeal this Court will likely follow overwhelming circuit court authority and hold that only costs that are recoverable under the applicable substantive law may be included in an appeal bond; and as a result, that the Bond Order was erroneous.

   2. **Allowing the Bond Order to Foreclose the Fairness Appeal Would Be a Denial of Appellant's Due Process Rights.**

A cost or bonding requirement can be unconstitutional when it too heavily burdens the ability of a party to exercise its statutory right to appeal. *Adsani*, 139

F.3d at 77-79 (*see also* Ex. 4 at 9-10 and cases cited therein). The Bond Order's requirement that a low-income individual with $5 in her savings account post a $1,007,294 bond, if allowed to stand, would be a denial of due process and equal protection guaranteed by the Fifth Amendment because it would unduly and disproportionately burden Appellant's right to appeal. As a practical matter, it would entirely prevent the Fairness Appeal from proceeding without any regard for its merits. This Court cannot countenance any attempt by the District Court to prevent an appeal. *See Clark v. Universal Builders, Inc.*, 501 F.2d 324, 341 (7th Cir. 1974) ("any attempt by a court at preventing an appeal is unwarranted and cannot be tolerated").

### B.    THE INTERESTS OF JUSTICE WILL BEST BE SERVED BY A CONTINUANCE.

The District Court has now indicated, as of the afternoon of September 10, 2013, that it will consider a letter filed by Appellant-Objector Paul Dorsey to be a motion for reconsideration and has ordered Plaintiffs' Counsel to respond to it as such by September 17, 2013. (Ex. 2.) The procedural ambiguities that surround the issue of the Bond Order thus currently cloud the Fairness Appeal. Appellant cannot post the bond reflected in the Bond Order, and therefore needs an answer as to whether the Fairness Appeal will be prevented by the Bond Order. She cannot risk pressing her present appeal without filing the bond, if the result will be an Order by the District Court holding her in contempt. In the interests of justice and

judicial economy, Appellant requests that this Court grant an extension of sixty (60) days for the filing of her principal brief on appeal, such that the procedural ambiguities now existing can be cleared by the lower court. Appellant should not be required to submit, and this Court should not be tasked with reading, briefing of an appeal which is later forced by the Bond Order to be dismissed or withdrawn.

Further, to the extent the District Court upholds its Bond Order, this Court may request or allow Appellant to combine the issues in the Fairness Appeal with the issues in the Bond Appeal in her principal brief. Merging the two appeals may be preferable to the Court and the parties. Appellant thus requests that the Court grant the requested sixty (60) day continuance to allow, to the extent necessary given the District Court's review of its Bond Order, concurrent briefing of the Bond Appeal and the Fairness Appeal.

## CONCLUSION

For the foregoing reasons, Appellant-Objector Sikora Nelson respectfully requests that this Court grant a continuance of the Fairness Appeal (No. 13-1310) for sixty (60) days.

Respectfully Submitted,

Dated:   September 11, 2013

s/Theodore J. Westbrook
John E. Anding (P30356)
Theodore J. Westbrook (P70834)
**DREW COOPER & ANDING, P.C.**
Attorneys for Objector-Appellant

Sikora Nelson
Aldrich Place, Suite 200
80 Ottawa Avenue, NW
Grand Rapids, Michigan  49503

CA. No. 13-1310

UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

---

JAMES P. TENILLE, ROBERT SMET,
ADELAIDA DELEON, and
YAMILET RODRIGUEZ,
Individually and on behalf of all others
similarly situated,

                Plaintiffs,

                - v. -

THE WESTERN UNION COMPANY and
WESTERN UNION FINANCIAL
SERVICES, INC.,

                Defendants.

---

## CERTIFICATE OF COMPLIANCE WITH 10TH CIRCUIT RULES 8.2 AND 27.3

1. This Motion seeking emergency relief was not filed earlier because the District Court's Order Granting Class Plaintiffs' Motion for Appeal Bond ("Bond Order") was not filed until September 10, 2013. This Motion was filed as soon as practicable thereafter.

2. The Bond Order was entered on September 10, 2013.

3. The Bond Order becomes effective at the time of filing of Appellant's principal brief on appeal, not later than Monday, September 16, 2013 under the present docketing order.

4. The telephone numbers and email addresses for all counsel of record are accessible through the 10th Circuit's ECF system. Unrepresented Appellant Paul Dorsey may be contacted at: 110 Westminster Drive, West Hartford, CT 06107, p.dorsey@comcast.net, (860) 521-0081.

5. Pursuant to 10th Circuit Rule 27.3, Appellant's counsel attempted via telephone and email to confer with Plaintiffs' counsel to obtain disclosure of

- 12 -

Plaintiffs' position regarding the present Motion. Plaintiffs' counsel responded that Appellant's Motion would be opposed.

Dated:   September 11, 2013               s/Theodore J. Westbrook
                                          John E. Anding (P30356)
                                          Theodore J. Westbrook (P70834)
                                          Counsel for Appellant

**CERTIFICATE OF SERVICE**

I hereby certify that on September 11, 2013, Appellant-Objector's Emergency Motion for Continuance was filed with the Clerk of the Court for the United States Court of Appeals for the Tenth Circuit by using the appellate CM/ECF system which will send notification of such filing to all counsel of record.

Dated:   September 11, 2013               s/Theodore J. Westbrook
                                          John E. Anding (P30356)
                                          Theodore J. Westbrook (P70834)
                                          Counsel for Appellant